*Decision will be entered under Rule 50.*

FLOYD L. MUSGROVE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JENNIE SOUTHARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 42591, 42592. Promulgated January 31, 1933.

*Paul Ferguson, Esq.*, for the petitioners.
*J. R. Johnston, Esq.*, for the respondent.

#### OPINION.

LANSDON: The respondent has asserted deficiencies against Floyd L. Musgrove for 1923 and 1924 in the respective amounts of $96.05 and $3,906.34, and against Jennie Southard in the amounts of $130.88 and $3,747.62. The deficiencies arise from the respondent's determination that income of the partnership composed of the petitioners should be computed on an accrual basis.

All of the material facts are contained in a written stipulation which is incorporated by reference as a part of this report and will be referred to in recomputing the petitioner's tax liability.

The petitioners are individuals, residing at Shenandoah, Iowa. During the taxable years they were partners operating under the name of the Shenandoah Flag & Decorating Company and engaged in assembling and marketing flag outfits for street decoration. Each flag outfit consisted of an American flag on a wooden pole which could be placed in a special sidewalk socket. Sales were made through local American Legion posts, commercial clubs and other local patriotic organizations, which, with the assistance of representatives of the partnership, secured subscriptions from business firms in each city and town in the following form:

The American Legion Post #102 of Falls City, Nebraska, agrees to furnish to the undersigned subscribers, one complete American Flag Decorating outfit installed in an iron housing placed in the cement sidewalk or other sidewalk material as is specified and now approved by the city. Each American Flag Outfit is to consist of one 4 x 6 ft. United States American Flag, guaranteed fast color, cotton material, clamp dyed stars, sewed stripes, double stitched, with canvas heading and grommets, one 12 ft. x 1⅝ in. staff varnished complete with wooden knob, together with housing above mentioned, rope and metal plug for hole in sidewalk. The undersigned subscribers agree to pay to the American Legion Post when delivered, the sum of $3.95 for each outfit as indicated opposite each respective name. It is understood that this subscription is null and void should there not be a majority of business firms subscribe for these outfits. It is understood further that these outfits become the property of each individual concern when paid for.

After the local organization had secured a sufficient number of subscribers it signed and delivered to the partnership an instrument as follows:

I do hereby agree to deliver and remit for the Flag Outfit within ten days after arrival of same, freight to be prepaid by the Shenandoah Flag & Decorating Company. I further agree to see that the holes are placed in sidewalks with iron pipe according to instructions, before paying for same, at the rate of 50 cents per hole, this amount to be deducted from the proceeds of the collections.

The required number of flag outfits were shipped from Shenandoah to the local organization, upon receipt of the above agreement, and a memorandum was sent to the local organization, as follows:

| | | |
|---|---|---|
| 100 complete outfits | $3.95 | $395.00 |
| Less: | | |
| Drilling 100 holes at 50 cents | $50.00 | |
| Com. on 100 outfits at 50 cents | 50.00 | 100.00 |
| Amt. to be remitted to us | | $295.00 |

Remittance to be made within ten days after arrival of goods.
Shipped by freight.

Approximately one-third of the net sales price of each flag outfit was credited to the partnership salesman as his commission, one-half of which he was permitted to draw upon the execution of the agreement between the partnership and the local organization. The remaining one-half was paid to him when the sales price of the flag outfit was received.

During the taxable years the partnership kept single entry books. Until some time in 1924 the customer's name was entered in a book, followed by the price of the flag outfit to be delivered. Payments were entered in a second column as received. In 1924 the partnership adopted a loose leaf memorandum file in which it filed copies of the above memorandum sent to the local organization. Such duplicates were kept in chronological order according to the date of

shipment. Upon payment for the flag outfits, entry thereof was made on the duplicate memorandum. In addition to the memorandum filed, the partnership kept a consecutive record of cash receipts. A cash disbursement record was maintained which classified expenditures and showed the total for certain periods.

On their income tax returns for the taxable years the petitioners computed distributable partnership net income by including as sales only the cash received. All shipments not paid for were included in the inventory at cost. Upon audit of the returns the respondent determined that sales were made when the merchandise was shipped and that the total thereof should be included in gross income, with a corresponding adjustment to the inventory.

The last sentence of the subscription list set forth above states that the flag outfit should become the property of each purchaser when paid for. The agreement between the petitioner and the local organizations provides that the latter shall deliver the flags, drill the necessary holes in the sidewalk and collect for the flag outfit. Each local organization was allowed 50 cents per flag for drilling the hole and 50 cents commission for the sale of the flag outfit. We think it is clear that the local organizations acted as agent for the partnership and that the flag outfits were sent by the partnership on consignment. No sale occurred until the flag outfit had been delivered to the purchaser and collection had been made by the local organization. The latter then held the amount collected as agent for the partnership.

In computing petitioners' tax liability there should be included in sales only those shipments which had been paid for prior to the close of the taxable year. Shipments which had not been paid for should be included in inventory.

*Decision will be entered under Rule 50.*